UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ISA MARTIN,

                                      Plaintiff,

    -against-

CITY OF NEW YORK, DANIEL GUARIANO,
and THOMAS CUNNINGHAM (individually and in
their official capacities),

                                     Defendants,

------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ MAR 19 2010
BROOKLYN OFFICE

**COMPLAINT**

Docket No.

Jury Trial Demanded

**10 1261**

COGAN J.

      Plaintiff ISA MARTIN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ISA MARTIN is a twenty-three year old African American citizen of the United States who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DANIEL GUARIANO, and THOMAS CUNNINGHAM, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On March 22, 2007, at approximately 7:30 p.m., plaintiff ISA MARTIN was a lawful pedestrian at the corner of Market Street and Broadway, Staten Island, New York.

13. At the aforesaid time and place, the defendants detained and searched plaintiff and a number of other individuals who were in the vicinity. When plaintiff protested the legality of the search of his person, defendant GUARIANO told plaintiff, in sum and substance, shut up, get on your knees and put your hands behind your back.

14. The defendants placed handcuffs on plaintiff's wrists and transported plaintiff to an NYPD precinct where plaintiff was imprisoned and subjected to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove all his clothing, squat and cough.

15. The defendants imprisoned plaintiff until March 23, 2007 when plaintiff was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2007RI002429; said charges having been filed based on the false allegations of defendant GUARIANO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

16. Over the course of the next two months, the malicious prosecution compelled plaintiff to return to Court for two appearances. On May 16, 2007, all the purported charges filed against plaintiff by the defendants were dismissed and sealed in Richmond County Criminal Court.

17. Defendant CUNNINGHAM supervised defendant GUARIANO and approved of, oversaw, and otherwise failed to intervene with regard to plaintiff's arrest, search and

3

prosecution.

18. All of the above occurred while defendants GUARIANO, CUNNINGHAM and other NYPD officers failed to intervene in the illegal conduct described herein.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, the policy of conducting unlawful strip searches, and due to discrimination against plaintiff due to his race and/or nationality.

20. As a result of the foregoing, plaintiff ISA MARTIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff ISA MARTIN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

4

attendant thereto, and with the intent to discriminate on the basis of race.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants arrested plaintiff ISA MARTIN, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

29. Defendants caused plaintiff ISA MARTIN, to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants strip searched plaintiff ISA MARTIN in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

32. Defendants thereby caused plaintiff ISA MARTIN to be deprived of his right to be free from unlawful strip searches.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants maliciously issued criminal process against plaintiff ISA MARTIN by causing him to be arraigned and prosecuted in Criminal Court.

35. Defendants caused plaintiff ISA MARTIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ISA MARTIN.

38. Defendants caused plaintiff ISA MARTIN to be prosecuted without any probable cause until the charges were dismissed on May 16, 2007.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiff ISA MARTIN whose constitutional rights were being violated in their presence by other officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff ISA MARTIN was subjected to false arrest, illegal strip search, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The defendants falsely arrested, illegally strip searched, and maliciously prosecuted plaintiff ISA MARTIN because of the plaintiff's race and/or national origin, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

45. As a result of the foregoing, plaintiff ISA MARTIN, was deprived of his rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

48. As a result of the foregoing, plaintiff ISA MARTIN was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate

screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ISA MARTIN'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ISA MARTIN.

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ISA MARTIN, as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ISA MARTIN, as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ISA MARTIN was unlawfully seized, detained, incarcerated, searched, and prosecuted.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ISA MARTIN'S constitutional rights.

59. All of the foregoing acts by the defendants deprived plaintiff ISA MARTIN, of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.        To be free from seizure and arrest not based upon probable cause;

    C.        To be free from false imprisonment/arrest;

    D.        To be free from unlawful strip searches;

    E.        To be free from malicious abuse of process and/or malicious prosecution;

    F.        To be free from the failure to intervene;

    G.        To receive equal protection under law;

60. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff ISA MARTIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages in an amount to be determined by a jury;

    (C)    reasonable attorney's fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 18, 2010

                                  LEVENTHAL & KLEIN, LLP
                                  45 Main Street, Suite 230
                                  Brooklyn, New York 11201
                                  (718) 722-4100
                                  By: _____
                                          BRETT H. KLEIN (BK4744)

                                  Attorneys for Plaintiff ISA MARTIN